UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OMEGA SMITH, as Personal
Representative of the Estate of L.T.,
a deceased minor,

    Plaintiff,

v.                                         CASE NO. 3:10-cv-00317-J-32JBT

VICKI BEASLEY, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Motion to Quash Subpoena ("Motion") (Doc. 48) and Defendant, Partnership for Strong Families, Inc.'s Response thereto ("Response") (Doc. 51).

Affiliated Computer Services, Inc. ("ACS"), who is not a party to this action and who is a third party recovery agent in contract with the Agency for Health Care Administration ("AHCA"), moves the Court to invalidate, quash, or condition the subpoena issued to Medicaid by Defendant Partnership for Strong Families, Inc. ("PFSF") on January 7, 2011, which seeks the production of certain medical records that are in the custody of ACS. (Docs. 48 & 51-1.) ACS argues that "[t]he subpoena does not comply with 45 C.F.R. [§] 164.512(e), and, or [sic] 42 C.F.R. [§§] 431.300-307." (Doc. 48 at 2.)

The Motion specifically provides that pursuant to 45 C.F.R. § 164.508, the records in the custody of ACS "may be provided upon receipt of written authorization, signed by the individual or by the personal representative of the

individual." (Doc. 48 at 2.) The Court notes that a signed Authorization for the Use and Disclosure of Protected Health Information is attached to Defendant's Response. (Doc. 51-1.) Therefore, the Motion should be denied on this basis.

Furthermore, the Motion should also be denied because Defendant has complied with 45 C.F.R. § 164.512(e), which provides in relevant part:

> (1) *Permitted disclosures.* A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
> . . .
> (ii) In response to a subpoena . . . , if:
> (A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request . . . .
> . . .
> (iii) For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protecting health information if the covered entity receives from such party a written statement and accompanying documentation demonstrating that:
> (A) The party requesting such information has made a good faith attempt to provide written notice to the individual . . . ;
> (B) The notice included sufficient information about the litigation . . . to permit the individual to raise an objection to the court . . . ; and
> (C) The time for the individual to raise objections . . . has elapsed, and:
> (*1*) No objections were filed; or
> (*2*) All objections . . . have been resolved . . . .

Defendant represents that it served Plaintiff with a Notice of Intent to request records from non-party entities, including Medicaid, pursuant to Rule 45. The Notice of Intent is attached to Defendant's Response. (Doc. 51-2.) Plaintiff did not file any

objections with the Court. Instead, Plaintiff signed an Authorization for the Use and Disclosure of Protected Health Information.[1] Thus, Defendant has complied with the requirements of 45 C.F.R. § 164.512(e).

The Court also notes that the Motion cites to the Florida Rules of Civil Procedure rather than the Federal Rules, contains no certifying statement of conferring with the opposing party pursuant to Local Rule 3.01(g), contains no memorandum of legal authority as required by Local Rule 3.01(a), and violates Section II. I. 1. of the Administrative Procedures for Electronic Filing in Civil and Criminal Cases because it contains a minor's full name. Movant is admonished to comply with these and all other applicable requirements in the future.

Accordingly, it is **ORDERED**:

1.   The Motion (**Doc. 48**) is **DENIED**. ACS shall respond to the subpoena **on or before March 10, 2011**. Failure to do so may result in the imposition of sanctions, including contempt of Court.

2.   The Clerk of Court is directed to delete the image of the Motion (Doc. 48) from the docket, redact the minor's name from the caption of the Motion, and file a redacted copy of the Motion.

---

[1] This also complies with 42 C.F.R. § 431.306(d), which requires the agency to "obtain permission from a family or individual, whenever possible, before responding to a request for information from an outside source."

**DONE AND ORDERED** at Jacksonville, Florida, on February 18, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

Any Unrepresented Party