UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OMEGA SMITH, as Personal
Representative of the Estate of L.T.,
a deceased minor,

    Plaintiff,

v.                                                      CASE NO. 3:10-cv-317-J-32JBT

VICKI BEASLEY *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Defendant Partnership for Strong Families, Inc.'s ("PFSF") Affirmative Defenses (Doc. 84); Plaintiff's Motion to Strike Defendant Community Partnership for Children, Inc.'s ("CPC") Affirmative Defenses (Doc. 85); and Plaintiff's Consolidated Motion to Strike Defendants Vicki Beasley ("Beasley"), Latoya Anderson ("Anderson"), Andrea Senteio ("Senteio"), and Marianna Cotter's ("Cotter") (the "individual Defendants") Affirmative Defenses (Doc. 86) (collectively, "Motions"). Defendants have filed responses in opposition to the Motions. (*See* Docs. 94, 92, 93, respectively.) For the reasons stated herein, the Motions are due to be **DENIED**.

In short, based on the applicable standard of review, the Court declines to employ the drastic remedy of striking Defendants' affirmative defenses that are the subject of the Motions because Plaintiff has not shown that these defenses have no

1

possible relation to the controversy, may confuse the issues, or may otherwise prejudice Plaintiff.  Moreover, the Court finds none of the subject defenses insufficient as a matter of law.  At the very least, these defenses present disputed and substantial questions of law and/or fact that cannot be decided on a motion to strike.  Further, the subject affirmative defenses give Plaintiff a fair notice "of what Defendants will argue, which is all the Eleventh Circuit requires." *Jackson v. City of Centreville*, 269 F.R.D. 661, 662-63 (N.D. Ala. 2010).  Last but not least, instead of targeting specific defenses on valid grounds, Plaintiff here appears to launch a broad attack on almost every affirmative defense alleged by Defendants.  Therefore, it is unreasonable to assume that the Court would pierce through all affirmative defenses that are the subject of the Motions and make findings on substantial questions of law at this stage of the proceedings.

**I.     Background**

Plaintiff Omega Smith, as Personal Representative of the Estate of L.T., a deceased minor,[1] brought this action against PFSF, CPC, and the individuals Defendants, arising out of the death of L.T. on or about April 18, 2008, as a result of an automobile accident.  (Doc. 60, ¶¶ 1, 52.)

The Second Amended Complaint ("SAC") alleges, *inter alia*, that at the time

---

[1] At the time of her death, the minor was seventeen years old.  (Doc. 60, ¶¶ 1, 232.)

of the accident, the child had run away from the custody of PFSF and/or CPCI.[2] (*See, e.g., id.* at ¶ 52.)  The SAC also alleges that Defendants had not only allowed L.T. to run away, but encouraged and assisted her in doing so, and had failed to provide her with proper supportive services prior to the time she ran away on April 4, 2008.  (*Id.* at ¶¶ 6, 37, 49, 51, 73-77, 83, 104, 125, 128, 149, 152, 173, 176, 197, 200, 221, 224.)

The SAC raises claims pursuant to 42 U.S.C. § 1983 against Defendants Beasley (Count I), Anderson (Count II), Senteio (Count III), Cotter (Count IV), PFSF (Count V), and CPC (Count VI); wrongful death claims against PFSF (Count VII) and CPC (Count VIII); and a negligence claim against all Defendants for damages unrelated to the child's death (Count IX).  (Doc. 60.)

## II.   Standard

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f). However, "motions [to strike] under Rule 12(f) are viewed with disfavor and are infrequently granted" even when they are "technically appropriate and well-founded" because striking is "a drastic remedy."  *Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 2d 1354, 1359 (M.D. Fla. 2008).  *See also Augustus v. Board of Pub.*

---

[2] The Florida Department of Children and Families (the "Department") allegedly contracted with either PFSF and/or CPC to provide placement and services for the child. (Doc. 60, ¶ 2.)  The SAC alleges that PFSF and CPC were non-profit, Florida corporations, and that Beasley, Anderson, Senteio, and Cotter were employed by PFSF and/or CPC. (*Id.* at ¶¶ 2, 8, 14, 21, 28.)

*Instruction of Escambia County*, 306 F.2d 862, 868 (5th Cir. 1962). "[W]hen evaluating a motion to strike defenses, a court must take as true those facts supporting the questioned defenses and stated in the answer." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 691 (M.D. Fla. 2003), *aff'd*, 87 Fed. App'x 713 (11th Cir. 2003).

To prevail on a motion to strike, the movant must show that "the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Harvey*, 568 F. Supp. 2d at 1359. *See also Augustus*, 306 F.2d at 868 ("The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy."); *Nankivil*, 216 F.R.D. at 691 ("A 'court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'").

"A disputed question of fact cannot be decided on [a] motion to strike." *Augustus*, 306 F.2d at 868. Further, "when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." *Id.* "[T]hese questions quite properly are viewed as determinable only after discovery and a hearing on the merits . . . ." *Harvey*, 568 F. Supp. 2d at 1360.

However, the court may strike a defense that is insufficient as a matter of law. *Anchor Hocking Corp. v. JEA*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Id.* (internal citations omitted). Also, "[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove." *Rosada v. John Wieland Homes and Neighborhoods, Inc.*, 2010 WL 1249841, *1 (M.D. Fla. Mar. 25, 2010).

Under the Federal Rules of Civil Procedure, a defendant is not required "to support its affirmative defenses with elaborate factual detail." *Harvey*, 568 F. Supp. 2d at 1360. *See also* Fed. R. Civ. P. 8(b)(1) & (c)(1) ("In responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it" and "must affirmatively state any avoidance or affirmative defense . . . ."). "An affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the nature of the defense." *Harvey*, 568 F. Supp. 2d at 1360. *See also Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1225 (11th Cir. 2010) (finding that the answer gave plaintiff "ample notice that defendants believed that that she had failed to timely file a complaint with the EEOC"); *Hansen v. ABC Liquors, Inc.*, 2009 WL 3790447, *1 (M.D. Fla. Nov. 9, 2009) ("Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff

'fair notice' of the nature of the defense and the grounds upon which it rests.").

### III. Analysis

As an initial matter, Plaintiff argues that PFSF's First through Twelfth and CPC's First through Fourteenth Affirmative Defenses, invoking state law statutory immunities, if applicable, can only be valid defenses to the negligence counts and not the § 1983 count. (Docs. 84 at 3-5; 85 at 3-4.) Defendant CPC responds that "Plaintiff is essentially seeking an advisory opinion from this Court to undertake the task of deciding to which claim each defense applies," which "is not the purpose of a motion to strike under Fed.R.Civ.P. 12(f)." (Doc. 92 at 2.) The Court agrees with Defendant.

Even where "the defenses do not specify to which counts they may pertain," the Court will not strike them unless they have "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Rosada*, 2010 WL 1249841, at *2 (citing *Nankivil*, 216 F.R.D. at 691). Here, there is no claim that the subject affirmative defenses have no relation to the controversy, would confuse the issues, or would prejudice Plaintiff. "If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record—such as on a motion for summary judgment." *Rosada*, 2010 WL 1249841, at *2. *See also Harvey*, 568 F. Supp. 2d at 1360 (stating that the legal sufficiency of the affirmative defenses is "best determined on the merits in the context of the Summary Judgment Motion"). Therefore, Plaintiff's

Motions as to PFSF's First through Twelfth and CPC's First through Fourteenth Affirmative Defenses are due to be denied on this basis.

Furthermore, the Motions are also due to be denied as to each and every affirmative defense under attack because none of them is patently frivolous or clearly invalid as a matter of law. They each at least raise substantial questions of law better decided after factual development. Further, Plaintiff has not argued prejudice. The Motions are broad-based attacks on the majority of the affirmative defenses alleged. No particular defense is alleged to be prejudicial. No argument is made that the presence of any particular affirmative defense in the Answers will result in the expenditure of "unnecessary time and money in litigating invalid, spurious issues." *Anchor Hocking*, 419 F. Supp. at 1000. Moreover, each defense provides fair notice of the nature of that defense. Thus, the Court sees no valid reason to strike any of the defenses. Further, to the extent Plaintiff argues that some of the subject defenses (*see* Docs. 84 at 8; 85 at 8; 86 at 3) are incorrectly labeled as "affirmative" defenses, the Court will not strike these defenses, but rather will treat them as specific denials. *See, e.g.*, *Rosada*, 2010 WL 1249841, at *2.

Although in light of the applicable standard the Court need not specifically discuss each affirmative defense at issue, the Court will nevertheless address a few of the subject defenses. The first of these defenses is Plaintiff's negligence alleged as PFSF's First Affirmative Defense. Plaintiff asserts that this defense should be stricken pursuant to *Gilson v. Foltz*, 431 So.2d 647 (Fla. Dist. Ct. App. 1983), and

because it attempts to impute Plaintiff's negligence to the child. (Doc. 84 at 5.) Defendant responds that its affirmative defense does not allege that it imputes any negligence or that it holds Plaintiff liable in her capacity as Personal Representative. (Doc. 94 at 6.)

The Court agrees with Defendant. First, there is nothing to indicate that Defendant attempts to impute Plaintiff's negligence to the child. Further, the case on which Plaintiff relies held that even though the personal representative's alleged negligence could not be charged against him in his representative capacity because it occurred prior to the decedent's death, it may be charged against him individually. *Gilson*, 431 So.2d at 647. Here, PFSF's First Affirmative Defense does not allege that Plaintiff was negligent in her representative capacity. Therefore, the Court does not find the defense to be legally insufficient.

In addition, Plaintiff seeks to strike PFSF's Fourth, CPC's Fourteenth, and the individual Defendants' Thirteenth Affirmative Defenses, arguing that they are not affirmative defenses and that "the rules of procedure already provide a remedy to amend a pleading." (Docs. 84 at 7; 85 at 24-25.) The subject Affirmative Defenses provide:

> The Plaintiff has named one or more Co-Defendants in this action and has alleged that their actions or inactions were negligent and were the proximate cause of the damages alleged in the Complaint. Although this Defendant is not making such a contention at this time, this Defendant reserves the right to adopt and incorporate these allegations as an Affirmative Defense should the Plaintiff settle with the Co-Defendants or otherwise dismiss them prior to trial.

(Docs. 64 at 27; 75 at 37-38; 76 at 33; 77 at 31; 78 at 30; 79 at 31.)

The Court is unpersuaded by Plaintiff's arguments and notes that Defendants are giving notice that they may rely on Plaintiff's own allegations against co-Defendants. This would appear to be a better alternative than not providing such notice. Without ruling on whether Defendants have such a right, at this point the Court will allow the subject affirmative defenses to stand as they provide notice to Plaintiff of what Defendants may argue and Plaintiff does not claim that these defenses have no relation to the controversy, would confuse the issues, or would prejudice Plaintiff.

Therefore, the Motions are due to be denied as to all affirmative defenses at issue.

Accordingly, it is **ORDERED**:

The Motions (**Docs. 84, 85, 86**) are **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on September 8, 2011.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record